# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ARMANDO DIAZ, | CASE NO. 1:08-cv-00912-OWW-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| K. W. PRUNTY, et al., | (DOC. 1) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Following Screening of Complaint**

**I.      Screening Requirement**

Plaintiff Jorge Armando Diaz ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 27, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to this action. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Plaintiff's Claims

### A. Summary of Complaint

Plaintiff is a state prisoner who alleges that he is being denied his First Amendment right to petition the government for redress. On August 5, 2004, Plaintiff alleges that he was subject to an unreasonable strip search, including an x-ray examination, and was isolated for a quarantine search until August 7, 2004. On September 26, 2004, Plaintiff submitted an inmate group grievance regarding the strip search and the quarantine search. On September 28, 2004, Plaintiff's inmate grievance was denied for being untimely pursuant to Cal. Code Regs. Tit. 15 § 3084.6(c) (West 2009). Plaintiff appealed the decision, explaining that the grievance was untimely because he was waiting for supporting documents from the prison officials to attach to the initial grievance as evidence. On October 7, 2004, his appeal was denied and Plaintiff was instructed not to resubmit his grievance.

On August 7, 2006, Plaintiff filed a civil rights action in this federal court, for incidents arising from the August 5, 2004, strip search and the following quarantine search. Diaz v. Woodward, et al., No. 06-cv-01026 (E.D. Cal. filed Aug. 7, 2006). On April 27, 2007, Plaintiff's complaint was dismissed without prejudice for failing to properly exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a). Diaz v. Woodward, et al., No. 06-cv-01026 (E.D. Cal. April 27, 2007) (order dismissing action).

1    Plaintiff alleges that on August 13, 2007, he filed an inmate grievance claiming that he was being denied access to the courts by the appeals policy and procedures of the California Department of Corrections and Rehabilitation ("CDCR"). On September 20, 2007, he wrote an inquiry regarding the status of his August 13, 2007, inmate grievance, and received a response from the appeals coordinator's office on September 24, 2007, claiming no record of the grievance.

Plaintiff filed this action on July 27, 2008, alleging that the existing appeals policy of CDCR denied him his First Amendment right to petition the government for redress. Plaintiff alleges that his September 26, 2004, inmate grievance regarding the strip and the quarantine search was rejected as untimely pursuant to the existing appeals policy, thus preventing him from exhausting his administrative remedies, and consequently leading to his complaint in Diaz v. Woodward, et al., No. 06-cv-01026, being dismissed in the federal court.

**B.    Right to Petition the Government/Access to the Courts**

Plaintiff alleges that the current CDCR appeals process denied him the right to petition the government, including access to the courts. Prisoners have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). For backward-looking claims such as that at issue here, Plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007).

The first element requires that Plaintiff show he suffered an "actual injury" by being shut out of court. Harbury 536 U.S. at 415; Lewis, 518 U.S. at 351; Phillips, 477 F.3d at 1076. The second element requires that Plaintiff show defendant proximately caused the alleged violation of Plaintiff's rights, "[t]he touchstone . . . [for which] is foreseeability." Phillips, 477 at 1077. Finally, the third ///

element requires that Plaintiff show he has no other remedy than the relief available via *this* suit for denial of access to the courts. Id. at 1078-79.

Plaintiff's previous case was dismissed for failure to exhaust because his appeal was screened out as untimely. Plaintiff was required to comply with the procedural rules governing the submission of appeals, and he failed to do so. See Woodford v. Ngo, 548 U.S. 81, 90, 126 S.Ct. 2378 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ."). The governing regulations do not require that Plaintiff support his appeal with evidence, tit. 15 § 3084.1(a), and his decision to wait for supporting evidence rather than file the appeal with the time constraints without the evidence does not provide a basis for the imposition of liability on prison officials who subsequently rejected his appeal as time barred. Regulations provide for the rejection of untimely appeals, and the fact that prison officials could have but did not exercise discretion to allow his late appeal is not a constitutional violation. Tit. 15 § 3084.3(c)(6). The injury sustained by Plaintiff was self-inflicted, and does not give rise to a viable claim against prison officials for denial of access to the courts.

**III.    Conclusion and Recommendation**

The Court finds that Plaintiff's complaint does not state a claim upon which relief may be granted under section 1983. Because the deficiency are not curable, Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987), the Court HEREBY RECOMMENDS dismissal of this action, with prejudice, for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

///
///
///
///

4

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

**Dated:     March 30, 2009                         /s/ Sandra M. Snyder**
**                                        UNITED STATES MAGISTRATE JUDGE**